IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYCAMORE IP HOLDINGS LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00238-JRG |
| | ) | |
| v. | ) | **PATENT CASE** |
| | ) | |
| ABB INC. and ABB LTD. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ABB INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant ABB Inc., by and through its attorneys, hereby files its Answer, Affirmative Defenses, and Counterclaim to Plaintiff Sycamore IP Holdings LLC's ("Sycamore IP") Complaint alleging infringement of United States Patent No. 6,952,405 ("the '405 Patent") (Dkt. No. 1). ABB Inc. denies each allegation in the Complaint to the extent not expressly admitted.

## NATURE OF THE ACTION

ABB Inc. admits that Sycamore IP has alleged infringement of the '405 Patent in the section of its Complaint entitled "Nature of the Action." ABB Inc. admits that Sycamore IP has indicated that it is seeking relief in the section of its Complaint entitled "Nature of the Action." ABB Inc. denies that any product made, used, offered for sale, or sold by ABB Inc. within the United States or imported into the United States infringes any valid and enforceable claim of the '405 Patent. ABB Inc. denies that Sycamore IP is entitled to any of the relief identified in the section of its Complaint entitled "Nature of the Action." ABB Inc. denies any remaining allegations in the section of Sycamore IP's Complaint entitled "Nature of the Action."

## PARTIES

1. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies them.

2. ABB Inc. admits that it is a Delaware corporation. ABB Inc. admits that it maintains its corporate headquarters at 12040 Regency Parkway, Cary, North Carolina 27518.

3. Upon information and belief, ABB Inc. admits that ABB Ltd. is a company organized under the laws of Switzerland. Upon information and belief, ABB Inc. admits that ABB Ltd. maintains its head office at Affolternstrasse 44, CH-8050 Zurich, Switzerland. ABB Inc. is not the same corporate entity as ABB Ltd. and thus ABB Inc. cannot be grouped with ABB Ltd. for purposes of any of the allegations in this paragraph or any other paragraph of the Complaint. ABB Inc. answers only on behalf of ABB Inc.

4. ABB Inc. is not the same corporate entity as ABB Ltd. and thus ABB Inc. cannot be grouped with ABB Ltd. for purposes of any of the allegations in this paragraph or any other paragraph of the Complaint. ABB Inc. answers only on behalf of ABB Inc. It is unclear which Defendant is being referenced in paragraph 7 of the Complaint. Upon information and belief, ABB Inc. admits that Ventyx, Inc. maintains offices at 8310-1 N. Capital of Texas Hwy., Suite 375, Austin, Texas 78731; 800 Town and Country Boulevard, Suite 500, City Centre One, Houston, Texas 77024; and 1601 Industrial Boulevard, Sugar Land, Texas 77478. ABB Inc. is not the same corporate entity as Ventyx, Inc. and thus ABB Inc. cannot be grouped with Ventyx, Inc. for purposes of any of the allegations in this paragraph or any other paragraph of the Complaint. ABB Inc. admits that Ventyx, Inc. is a wholly-owned subsidiary of ABB Inc. Upon information and belief, ABB Inc. admits that Ventyx, Inc. is registered to do business in Texas. ABB Inc. denies the Ventyx, Inc. is a Defendant in this case. ABB Inc. admits that it maintains an office at 1109 Howard Drive, Deer Park, Texas 77536, operating as part of ABB Inc.'s

Turbocharging business unit.  ABB Inc. admits that it maintains an office at 13609 Industrial Road (Greens Port Industrial Park), Gate 5, Complex 3G West, Houston, Texas 77015, operating as part of ABB Inc.'s Marine Services business unit.  ABB Inc. admits that it maintains an office at 3700 West Sam Houston Parkway South, Suite 600, Houston, Texas 77042, operating as part of ABB Inc.'s Drives & Electrical Machines, Natural Gas Measurement (TotalFlow), and Power Products/Systems business units.  ABB Inc. admits that it maintains offices at 222 West Las Colinas Boulevard, Irving, Texas 75039 and 1601 Industrial Boulevard, Sugar Land, Texas 77478, both operating as part of ABB Inc.'s Power Products/Systems business unit.  ABB Inc. denies any remaining allegations in paragraph 4 of the Complaint.

## JURSIDICTION AND VENUE

5. ABB Inc. admits that Sycamore IP has alleged patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.  ABB Inc. denies that any product made, used, offered for sale, or sold by ABB Inc. within the United States or imported into the United States by ABB Inc. infringes any valid and enforceable claim of the '405 Patent.  ABB Inc. denies that Sycamore IP is entitled to any relief under Title 35 of the United States Code.  ABB Inc. denies any remaining allegations in paragraph 5 of the Complaint.

6. ABB Inc. admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Sycamore IP has alleged patent infringement of a United States patent.  ABB Inc. denies that any product made, used, offered for sale, or sold by ABB Inc. within the United States or imported into the United States by ABB Inc. infringes any valid and enforceable claim of the '405 Patent.  ABB Inc. denies that Sycamore IP is entitled to any relief under Title 35 of the United States Code.  ABB Inc. denies any remaining allegations in paragraph 6 of the Complaint.

7.     ABB Inc. is not the same corporate entity as ABB Ltd. and thus ABB Inc. cannot be grouped with ABB Ltd. for purposes of any of the allegations in this paragraph or any other paragraph of the Complaint. ABB Inc. answers only on behalf of ABB Inc. It is unclear which Defendant is being referenced in paragraph 7 of the Complaint. ABB Inc. admits that ABB Inc. does business within the State of Texas. ABB Inc. admits that ABB Inc. is subject to personal jurisdiction in this Court. ABB Inc. denies that any product made, used, offered for sale, or sold by ABB Inc. within the United States or imported into the United States by ABB Inc. infringes any valid and enforceable claim of the '405 Patent. ABB Inc. denies all remaining allegations of paragraph 7 of the Complaint.

8.     ABB Inc. is not the same corporate entity as ABB Ltd. and thus ABB Inc. cannot be grouped with ABB Ltd. for purposes of any of the allegations in this paragraph or any other paragraph of the Complaint. ABB Inc. answers only on behalf of ABB Inc. It is unclear which Defendant is being referenced in paragraph 8 of the Complaint. ABB Inc. admits that venue is technically proper in this judicial district as to ABB Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, however, ABB Inc. contends and alleges that this district is an inconvenient forum in that the majority of the witnesses with information relevant to Sycamore IP's claims and the transactions giving rise to Sycamore IP's claims are located outside of this district, such that transfer under 28 U.S.C. § 1404 or dismissal pursuant to the doctrine of forum non conveniens is appropriate.

## **THE '405 PATENT**

9.     ABB Inc. admits that a document purporting to be a copy of the '405 Patent was attached to the Complaint as Exhibit A. ABB Inc. admits that the document purporting to be a copy of the '405 Patent and attached to the Complaint as Exhibit A is entitled "Coding Scheme Using A Transition Indicator For Signal Transmission In Optical Communications Networks."

ABB Inc. admits that the document purporting to be a copy of the '405 Patent and attached to the Complaint as Exhibit A appears to have been issued by the United States Patent & Trademark Office on October 4, 2005. ABB Inc. denies that the '405 Patent was duly issued. ABB Inc. denies that the '405 Patent was duly issued in full compliance with Title 35 of the United States Code. ABB Inc. denies any remaining allegations in paragraph 9 of the Complaint.

## BACKGROUND

10. ABB Inc. admits that the document purporting to be a copy of the '405 Patent and attached to the Complaint as Exhibit A identifies Danny Hin-Kwok Tsang and Murat Azizoglu as the named inventors. ABB Inc. denies any remaining allegations in paragraph 10 of the Complaint.

11. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies them.

12. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies them.

13. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies them.

14. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies them.

15. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies them.

18. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 18 of the Complaint and, on that basis, denies them.

19. ABB Inc. lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 19 of the Complaint and, on that basis, denies them.

20. ABB Inc. denies the allegations of paragraph 20 of the Complaint.

## **COUNT 1: ALLEGED INFRINGEMENT OF THE '405 PATENT**

21. ABB Inc. incorporates its response to paragraphs 1 through 20 of the Complaint herein by reference.

22. ABB Inc. denies the allegations of paragraph 22 of the Complaint.

23. ABB Inc. denies the allegations of paragraph 23 of the Complaint.

24. ABB Inc. denies the allegations of paragraph 24 of the Complaint.

25. ABB Inc. denies the allegations of paragraph 25 of the Complaint.

26. ABB Inc. denies the allegations of paragraph 26 of the Complaint.

27. ABB Inc. denies the allegations of paragraph 27 of the Complaint.

28. ABB Inc. denies the allegations of paragraph 28 of the Complaint.

29. ABB Inc. denies the allegations of paragraph 29 of the Complaint.

30. ABB Inc. denies the allegations of paragraph 30 of the Complaint.

31. ABB Inc. denies the allegations of paragraph 31 of the Complaint.

## **RESPONSE TO SYCAMORE IP'S PRAYER FOR RELIEF**

ABB Inc. denies that Sycamore IP is entitled to any of the relief requested in the section of the Complaint entitled "Prayer for Relief," or to any relief in any form from either the Court or from ABB Inc. Sycamore IP's prayer should be denied in its entirety and with prejudice.

## JURY DEMAND

The section of the Complaint entitled "Jury Demand" does not include any allegations and requires no response from ABB Inc.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, ABB Inc. asserts the following defenses to Sycamore IP's Complaint:

## FIRST AFFIRMATIVE DEFENSE
## (NO ACTS THAT CAN GIVE RISE TO LIABILITY FOR PATENT INFRINGEMENT)

32. ABB Inc. does not make, use, offer for sale, or sell within the United States or import into the United States the accused FOX660 product.

33. ABB Inc. has not made, used, offered for sale, or sold within the United States or imported into the United States the accused FOX660 product.

## SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

34. The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE
## (NONINFRINGEMENT OF THE '405 PATENT)

35. ABB Inc. has not infringed, and does not infringe, any valid and enforceable claim of the '405 Patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
## (LACK OF PATENTABLE SUBJECT MATTER)

36. One or more claims of the '405 Patent are invalid for failure to claim patent eligible subject matter pursuant to 35 U.S.C. § 101.

**FIFTH AFFIRMATIVE DEFENSE**
**(INVALIDITY OF THE '405 PATENT)**

37. One or more of the claims of the '405 Patent are invalid for failure to meet the requirements of Title 35 of the United States Code and Title 37 of the Code of Federal Regulations including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

**SIXTH AFFIRMATIVE DEFENSE**
**(WAIVER, LACHES, AND EQUITABLE ESTOPPEL)**

38. Sycamore IP's claims are barred under one or more of the doctrines of waiver, acquiescence, laches, and equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(ADEQUATE REMEDY AT LAW)**

39. Sycamore IP is not entitled to injunctive relief because any alleged injury to Sycamore IP is neither immediate nor irreparable, and Sycamore IP has an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**
**(LIMITATION ON COSTS)**

40. Sycamore IP is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**NINTH AFFIRMATIVE DEFENSE**
**(LIMITATION ON DAMAGES)**

41. Sycamore IP's claims for damages, if any, are statutorily limited by 35 U.S.C. §§ 286 and 287.

**TENTH AFFIRMATIVE DEFENSE**
**(NO EXCEPTIONAL CASE)**

42. Sycamore IP cannot prove that this is an exceptional case justifying award of attorney fees against ABB Inc. pursuant to 35 U.S.C. § 285.

**FURTHER DEFENSES**

43. ABB Inc. reserves any and all rights to amend its Answer, Affirmative Defenses, and Counterclaim to Sycamore IP's Complaint and to assert additional defenses, including without limitation inequitable conduct in the prosecution of the '405 Patent, as they become apparent during discovery proceedings in this case.

**COUNTERCLAIM**

Defendant and Counterclaim-Plaintiff, ABB Inc., by and through its attorneys, asserts the following Counterclaim against Plaintiff and Counterclaim-Defendant, Sycamore IP Holdings LLC ("Sycamore IP"):

**PARTIES**

44. ABB Inc. is a corporation organized and existing under the laws of the State of Delaware. ABB Inc. maintains its principal place of business at 12040 Regency Parkway, Cary, North Carolina 27518. ABB Inc. is a diversified industrial manufacturer in the business of, among other things, power and automation technologies.

45. Upon information and belief, and based on its allegations in its Complaint, Sycamore IP is a Delaware limited liability company with its principal place of business at 2700 Plumas Street #120, Reno, Nevada 89509.

**JURISDICTION AND VENUE**

46. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 of invalidity of U.S. Patent No. 6,952,405 ("the '405 Patent") under the United States patent laws, Title 35 of the United States Code.

47. This Court has subject matter jurisdiction over Count I of this Counterclaim pursuant to 28 U.S.C. § 1331 because Count I arises under the laws of the United States. This Court also has subject matter jurisdiction over Count I of this Counterclaim pursuant to 28

U.S.C. § 1338(a) because Count I arises under an Act of Congress relating to patents, Title 35 of the United States Code.

48. Venue for ABB Inc.'s Counterclaim is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b). ABB Inc. contends that both Sycamore IP's claims and ABB Inc.'s Counterclaim are, in the interests of the convenience of the witnesses and pursuant to the doctrine of forum non conveniens, more appropriately heard in another district.

## GENERAL ALLEGATIONS

49. Sycamore IP's Complaint alleges that "[t]he '405 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code." ABB Inc. denies those allegations and asserts that the claims of the '405 Patent are invalid.

50. An actual controversy exists between Sycamore IP and ABB Inc. concerning the validity of the '405 Patent.

## COUNT I: DECLARATORY JUDGMENT OF INVALIDITY OF THE '405 PATENT

51. ABB Inc. incorporates by reference paragraphs 44–50 as if fully set forth herein.

52. The claims of the '405 Patent are invalid for failure to claim patent eligible subject matter pursuant to 35 U.S.C. § 101.

53. The claims of the '405 Patent are invalid for failure to satisfy the statutory requirements of patentability under the patent laws of the United States, Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

54. In light of the foregoing, ABB Inc. respectfully requests that the Court declare that the claims of the '405 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, ABB Inc. prays for judgment or entry of an Order:

a. Dismissing Sycamore IP's Complaint with prejudice and with Sycamore IP taking nothing;

b. Holding that ABB Inc. has not infringed and does not infringe any claim of the '405 Patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents;

c. Holding that the claims of the '405 Patent are invalid;

d. Holding that Sycamore IP is not entitled to equitable relief;

e. Holding that Sycamore IP is not entitled to money damages;

f. Awarding to ABB Inc. its taxable costs of suit as the prevailing party;

g. Finding this to be an exceptional case under 35 U.S.C. § 285 and awarding ABB Inc. its reasonable attorneys' fees and costs incurred in this action; and

h. Granting to ABB Inc. any other further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim-Plaintiff ABB Inc. hereby demand a trial by jury of all issues so triable in this action by the maximum number of jurors allowed by law.

Dated: May 7, 2015                                  Respectfully submitted,

*/s/ Phillip B. Philbin*
Phillip B. Philbin
Texas State Bar No. 15909020
Michael D. Karson
Texas State Bar No. 24090198
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 200-0780
Email:  phillip.philbin@haynesboone.com
             michael.karson@haynesboone.com

***Attorneys for Defendant and Counterclaim-Plaintiff ABB Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Phillip B. Philbin*
Phillip B. Philbin