**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SYCAMORE IP HOLDINGS LLC | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:15-cv-238-JRG |
| | ) | **LEAD CASE** |
| v. | ) | |
| | ) | |
| ADVA OPTICAL NETWORKING NORTH | ) | **JURY TRIAL DEMANDED** |
| AMERICA, INC.; ADVA OPTICAL | ) | |
| NETWORKING, INC.; and ADVA OPTICAL | ) | |
| NETWORKING SE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ADVA'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF SYCAMORE IP'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants ADVA Optical Networking North America, Inc. ("ADVA NA") and ADVA

Optical Networking SE ("ADVA SE") (collectively referred to as "ADVA"), by and through its

attorneys, hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff

Sycamore IP Holdings LLC ("Sycamore IP" or "Plaintiff")'s Complaint alleging infringement of

United States Patent No. 6,952,405 ("the '405 Patent") (Dkt. No. 1). ADVA denies each

allegation in the Complaint to the extent not expressly admitted. ADVA Optical Networking,

Inc. ("ADVA Inc."), an entity that ceased to exist before the filing of the Complaint, lacks the

capacity to be sued and, accordingly, lacks the capacity to respond.

**NATURE OF THE ACTION**

ADVA admits that Sycamore IP has alleged infringement of the '405 Patent and that

Sycamore IP is seeking relief. ADVA denies that any product made, used, offered for sale, or

sold by ADVA within the United States or imported into the United States infringes any valid

and enforceable claim of the '405 Patent. ADVA denies that Sycamore IP is entitled to any of

the relief it seeks. ADVA denies any remaining allegations in this section of Sycamore IP's Complaint.

**ADVA'S ANSWER**

Responding to the individually enumerated paragraphs of the Complaint, ADVA states as follows:

**PARTIES**

1.      ADVA lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 1 of the Complaint, and on that basis denies them.

2.      ADVA NA admits that it is a Delaware corporation with its principal place of business at 5755 Peachtree Industrial Boulevard in Norcross, Georgia 30092. ADVA NA admits that it has appointed Capitol Corporate Services, Inc., located at 800 Brazos Street, Suite 400, Austin, Texas 78701, as its agent for service of process. ADVA NA admits that it maintains an office located at 2301 North Greenville Avenue, Suite 300, Richardson, Texas 75082. ADVA SE lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies them.

3.      Upon information and belief, ADVA denies that ADVA Inc. remains in existence as a separate legal entity. Prior to the filing of this Complaint, ADVA Inc. was folded up into ADVA NA and ceased to exist as a legal entity. Under the applicable law for these circumstances, a company that has ceased to exist by virtue of these facts lacks the capacity to be sued. Accordingly, ADVA Inc. lacks the capacity to respond to the Complaint. ADVA NA thus answers the allegations in the Complaint to extent any allegations reach actions of ADVA Inc. when it did exist as a legal entity.

4.      ADVA SE admits that it is a European company with its corporate headquarters at Fraunhoferstrasse 9a, 82152 in Martinsried/Munich, Germany. ADVA NA lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

5.      ADVA admits that Sycamore IP has initiated an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. ADVA denies any remaining allegations in paragraph 5 of the Complaint.

6.      ADVA admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Sycamore IP has alleged patent infringement of a United States patent. ADVA denies that any acts of infringement under the Patent Laws of the United States, Title 35 of the United States Code, have been committed by ADVA, including but not limited to any allegations that any product made, used, offered for sale, or sold by ADVA within the United States or imported into the United States by ADVA infringes any valid and enforceable claim of the '405 Patent. ADVA denies that Sycamore IP is entitled to any damages, injunctive relief, and/or attorneys' fees or costs under Title 35 of the United States Code. ADVA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and on that basis denies them.

7.      ADVA NA admits that it has designated an agent for service of process in Austin, Texas and that it is subject to personal jurisdiction in this district. On information and belief, ADVA SE denies that it is subject to the Court's specific and personal jurisdiction. ADVA expressly denies that it has committed any acts that would directly or indirectly infringe any valid and enforceable claim of the '405 Patent either in this jurisdiction or any other judicial district. ADVA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies them.

8.      ADVA NA admits that venue is proper in this Court with respect to ADVA NA. On information and belief, ADVA SE denies that venue is proper in this Court with respect to ADVA SE.  ADVA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, including whether or not this is the most convenient forum, and on that basis denies them.

## THE '405 PATENT

9.      ADVA admits that the '405 Patent is entitled "Coding Scheme Using A Transition Indicator For Signal Transmission In Optical Communications Networks" and on its face it bears date October 4, 2005, as the date of patent.  ADVA admits that a copy of the '405 Patent was attached to the Complaint as Exhibit A.  ADVA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations related to any purported assignment of the '405 Patent, and therefore denies the same.  ADVA denies that the '405 Patent was duly issued.  ADVA denies that the '405 Patent is valid.  ADVA denies that the '405 Patent is enforceable.  ADVA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint, and on that basis denies them.

## BACKGROUND

10.      ADVA admits that Danny Hin-Kwok Tsang and Murat Azizoglu are listed as the named inventors on the face of the '405 Patent.  ADVA denies any remaining allegations in paragraph 10 of the Complaint.

11.      ADVA admits that Sycamore Networks, Inc. is listed as the Assignee on the face of the '405 Patent.  ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies them.

12.      ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies them.

13.     ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies them.

14.     ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies them.

15.     ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16.     ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies them.

17.     ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18.     ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies them.

19.     ADVA admits that on the face of the '405 patent under "Related U.S. Application Data" it lists a provisional application no. 60/251,341, filed on Dec. 5, 2000, and on its face it also has a date of February 27, 2001, as a filing date.  ADVA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies them.

20.     ADVA admits that one or both defendants currently or had in the past imported, used, offered to sell, and sold the FSP 3000 product in the State of Texas.  Except as expressly admitted herein, ADVA denies each and every remaining allegation set forth in paragraph 20 of the Complaint.

### COUNT 1:  ALLEGED INFRINGEMENT OF THE '405 PATENT

21.     ADVA incorporates by reference each and every response set forth in paragraphs 1-20 above as if fully set forth herein.

22.	ADVA denies the allegations of paragraph 22 of the Complaint.

23.	ADVA denies the allegations of paragraph 23 of the Complaint.

24.	ADVA denies the allegations of paragraph 24 of the Complaint.

25.	ADVA denies the allegations of paragraph 25 of the Complaint.

26.	ADVA denies the allegations of paragraph 26 of the Complaint.

27.	ADVA denies the allegations of paragraph 27 of the Complaint.

28.	ADVA denies the allegations of paragraph 28 of the Complaint.

29.	ADVA denies the allegations of paragraph 29 of the Complaint.

30.	ADVA denies the allegations of paragraph 30 of the Complaint.

31.	ADVA denies the allegations of paragraph 31 of the Complaint.

## PRAYER FOR RELIEF

Sycamore IP's prayer for relief does not contain averments within the meaning of Federal Rules of Civil Procedure 8 and 10 and requires no response. To the extent a response is required, ADVA denies each and every averment contained in Paragraphs 1-31 of the Complaint, except as specifically admitted to herein, and denies that Plaintiff Sycamore IP is entitled to any relief requested in its Complaint or otherwise. ADVA respectfully requests that the Court enter judgment in its favor and against Sycamore IP on all of Sycamore IP's claims; deny each of Sycamore IP's prayers for relief, and find this case exceptional and award ADVA its costs and attorneys' fees pursuant to 35 U.S.C. § 285, and any other further relief as the Court deems appropriate.

## JURY DEMAND

Sycamore IP's Jury Demand does not contain averments within the meaning of Federal Rules of Civil Procedure and requires no response.

## AFFIRMATIVE DEFENSES

ADVA alleges and asserts the following affirmative defenses to Plaintiff's Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described herein, ADVA specifically reserves all rights under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or any other rights or protection, either at law or equity, that are available now or that become available through the course of discovery in this action.

### FIRST AFFIRMATIVE DEFENSE
### (LACK OF PERSONAL JURISDICTION)

32.    As a first and separate affirmative defense, this Court lacks personal jurisdiction over ADVA SE.

### SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

33.    As a second and separate affirmative defense, ADVA alleges that Sycamore IP has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (NO STANDING)

34.    As a third and separate affirmative defense, ADVA alleges that Sycamore IP lacks standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT OF THE '405 PATENT)

35.    As a fourth and separate affirmative defense, ADVA alleges that it has not infringed and is not currently infringing either directly or indirectly, through inducement or contributory infringement, literally or under the doctrine of equivalents, willfully or otherwise, any and all valid and enforceable claims of the '405 Patent.

## FIFTH AFFIRMATIVE DEFENSE
## (LACK OF PATENTABLE SUBJECT MATTER)

36.     As a fifth and separate affirmative defense, ADVA alleges based on information and belief that one or more claims of the '405 Patent are invalid for failure to satisfy the requirements of patentability under Title 35 of the United States Code, Section 101, *et seq*, for failure to claim patent eligible subject matter pursuant to 35 U.S.C. § 101.

## SIXTH AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '405 PATENT)

37.     As a sixth and separate affirmative defense, ADVA alleges based on information and belief that one or more of the claims of the '405 Patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL AND PROSECUTION DISCLAIMER)

38.     As a seventh and separate affirmative defense, ADVA alleges based on information and belief that the doctrines of prosecution history estoppel and/or prosecution disclaimer preclude Sycamore IP from maintaining that any claim of the '405 Patent covers, either literally or under the doctrine of equivalents, any ADVA product or process, or any other product or process that uses a product or process made, used, imported, sold or offered for sale by or on behalf of ADVA.

## EIGHTH AFFIRMATIVE DEFENSE
## (WAIVER, LACHES, RELEASE, UNCLEAN HANDS, LICENSE, AND EQUITABLE ESTOPPEL)

39.     As an eighth and separate affirmative defense, ADVA alleges based on information and belief that Sycamore IP's claims of infringement by ADVA are barred, in whole

or in part, under the doctrines of waiver, laches, release, unclean hands, license, and/or equitable estoppel.

## NINTH AFFIRMATIVE DEFENSE
## (LIMITATION ON DAMAGES)

40.     As a ninth and separate affirmative defense, ADVA alleges that Sycamore IP's claims against ADVA are barred, at least in part, pursuant to 35 U.S.C. § 286 for all events occurring more than six years prior to Sycamore IP's filing of the Complaint.

## TENTH AFFIRMATIVE DEFENSE
## (LIMITATION ON DAMAGES)

41.     As a tenth and separate affirmative defense, ADVA alleges that Sycamore IP's request for pre-filing damages arising from the alleged infringement, whether direct or otherwise, is barred by failure to mark and/or failure to require licensees to mark, and failure to otherwise give notice of infringement, as required by 35 U.S.C. § 287, such that Sycamore IP is not entitled to any pre-filing damages pursuant to that provision.

## ELEVENTH AFFIRMATIVE DEFENSE
## (ADEQUATE REMEDY AT LAW)

42.     As an eleventh and separate affirmative defense, ADVA alleges that Sycamore IP is not entitled to injunctive relief because any purported injury to Sycamore IP is not immediate or irreparable, and Sycamore IP has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE
## (LIMITATION ON COSTS)

43.     As a twelfth and separate affirmative defense, ADVA alleges that Sycamore IP is barred from recovering costs in connection with this action at least under 35 U.S.C. § 288.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (NO EXCEPTIONAL CASE)

44.    As a thirteenth and separate affirmative defense, Sycamore IP cannot prove that this is an exceptional case justifying award of attorney fees or costs against ADVA pursuant to 35 U.S.C. § 285.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (EXHAUSTION)

As a fourteenth and separate affirmative defense, Sycamore IP's claims are barred under the doctrine of exhaustion.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (DUTY TO DISCLOSE AND LICENSE UNDER FAIR, REASONABLE, AND NON-DISCRIMINATORY TERMS)

45.    As a fifteenth and separate affirmative defense, ADVA alleges upon information and belief that the '405 Patent may be encumbered by an obligation to license the patent to any party practicing the ITU-T G.7041 and/or G.709 standards on fair, reasonable, and non-discriminatory terms because Sycamore, as the alleged successor-in-interest to the '405 Patent, is bound by the standard-setting organization bylaws, under which such duties and obligations arise.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (PATENT MISUSE)

46.    As a sixteenth and separate affirmative defense, ADVA alleges upon information and belief that Sycamore IP misused the '405 patent in a broad and anticompetitive manner contrary to public policy.

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

47.    ADVA reserves the right to amend its Answer, Defenses, and Counterclaims, and to assert additional defenses or counterclaims that may arise through discovery.

## ADVA's COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff ADVA Optical Networking North America, Inc. ("ADVA NA") asserts the following counterclaims against Plaintiff and Counterclaim-Defendant Sycamore IP Holdings LLC ("Sycamore IP"):

## NATURE AND BASIS OF ACTION

48.     This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.*  ADVA NA requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 6,952,405 ("the '405 Patent"); and (2) the '405 Patent is invalid.

## PARTIES

49.     ADVA NA is a Delaware corporation with its principal place of business at 5755 Peachtree Industrial Boulevard in Norcross, Georgia, and an office at 2301 North Greenville Avenue, Suite 300 in Richardson, Texas.

50.     Upon information and belief, and based on its allegations in its Complaint, Sycamore IP is a Delaware limited liability company with its principal place of business at 2700 Plumas Street #120 in Reno, Nevada 89509.

## JURISDICTION AND VENUE

51.     The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

52.     Sycamore IP is subject to personal jurisdiction in this district because it has availed itself of the jurisdiction of this Court by virtue of, among other things, the filing of this case, and has engaged in acts giving rise to this controversy in this district.

53.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and because Sycamore IP filed its Complaint in this district.

54. Upon information and belief, Sycamore IP has a license to certain exclusive rights under the '405 Patent.

55. There is a justiciable controversy between ADVA NA and Sycamore IP over the enforceability, validity, and infringement of the '405 Patent. Sycamore IP contends that the '405 Patent is valid and enforceable, and that ADVA NA has infringed and continues to infringe one or more claims of the '405 Patent in the course of its business. ADVA NA disputes these claims and seeks a declaration of its rights.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

56. Upon information and belief, Sycamore IP purports to be the owner by assignment of the '405 Patent and that "[t]he '405 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code." (Dkt. No. 1)

57. Sycamore IP has asserted that ADVA NA has directly and contributorily infringed, and induced others to infringe one or more claims of the '405 Patent.

58. ADVA NA has not and does not infringe directly, by inducement or by contribution, any valid and enforceable claim of the '405 Patent.

59. Upon information and belief, all claims of the '405 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, et. seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

60. ADVA NA denies those allegations and asserts that ADVA NA does not infringe any of the claims of the '405 Patent and that the claims are invalid and/or unenforceable.

61. An actual controversy exists between Sycamore IP and ADVA NA concerning the infringement, enforceability, and validity of the '405 Patent.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '405 PATENT

62.     ADVA NA incorporates by reference paragraphs 48–61 as if set forth in full herein.

63.     There is an actual and justiciable controversy between ADVA NA and Sycamore IP arising under the Patent Act, 35 U.S.C. § 1, *et seq.* concerning ADVA NA's non-infringement of the claims in the '405 Patent.

64.     ADVA NA has not infringed and is not infringing, either directly or indirectly, by inducement, or contribution, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '405 Patent.

65.     ADVA NA is entitled to a judicial declaration that it has not and does not infringe any valid, enforceable claim of the '405 Patent; and that the '405 patent is unenforceable, in whole or in part, under the doctrines of laches, unclean hands, estoppel, license, exhaustion, waiver, acquiescence, and/or other equitable doctrines.

66.     In the alternative, ADVA NA is entitled to a declaratory judgment that Sycamore, once member of a standards-setting organization and/or purported successor-in-interest to the '405 patent, is obligated to offer a fair, reasonable, and nondiscriminatory license terms to license the '405 Patent to ADVA NA, and is not entitled to seek or obtain injunctive relief in the enforcement of the '405 Patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '405 PATENT

67.     ADVA NA incorporates by reference paragraphs 48–61 as if set forth in full herein.

68.     There is an actual and justiciable controversy between ADVA NA and Sycamore IP concerning the invalidity of the '405 Patent for failure to satisfy the requirements of the Patent Act, as set forth under 35 U.S.C. § 101, *et seq.,* including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

69.     ADVA NA is entitled to a judicial declaration and order that the claims of the '405 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, ADVA NA respectfully requests that this Court:

a.     Enter judgment dismissing Sycamore IP's Complaint with prejudice and discharging ADVA from any and all liability thereunder;

b.     Enter judgment for ADVA denying all relief requested by Sycamore IP;

c.     Enter judgment for ADVA denying Sycamore IP's demand for injunctive relief;

d.     Enter judgment in favor of ADVA declaring that each and every enforceable claim of the '405 Patent has not been and is not being infringed by ADVA;

e.     Enter judgment in favor of ADVA declaring that the '405 Patent is invalid;

f.     Enter a judgment in favor of ADVA declaring that Sycamore has breached its duty to disclose and/or offer a license under fair, reasonable, and non-discriminatory license terms to ADVA, that the '405 Patent is unenforceable due to Sycamore's breach of its licensing obligations, or in the alternative ordering specific performance of Sycamore IP's licensing obligations;

g.     Enter judgment in favor of ADVA finding this case exceptional under 35 U.S.C. § 285 and awarding ADVA its attorney fees, costs, and expenses; and,

h.     Such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

ADVA NA demands a jury trial on all issues so triable.

DATED:  May 22, 2015                    Respectfully submitted,


By: */s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
E-mail: thad@heartfieldlawfirm.com
M. Dru Montgomery
Texas Bar No. 24010800
E-mail: dru@heartfieldlawfirm.com
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:  (409) 866-3318
Fax:  (409) 866-5789

COUNSEL FOR DEFENDANTS,
ADVA OPTICAL NETWORKING
NORTH AMERICA, INC. AND
ADVA OPTICAL NETWORKING SE



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule CV-5(a) and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(c) via the Court's CM/ECF on this 22nd day of May, 2015.


/s/ *J. Thad Heartfield*
J. Thad Heartfield